ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 19 2011
CLERK, U.S. DISTRICT COURT
By_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN NEAL GLASPIE,<br>           Plaintiff,<br><br>v.<br><br>LUPE VALDEZ, Dallas Sheriff and DAVID<br>BROWN, Dallas Police,<br>           Defendants. | )<br>)<br>)<br>)   No. 3:11-CV-1113-O<br>)<br>)<br>)<br>) |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.     BACKGROUND**

Plaintiff alleges Defendants violated his civil rights under 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.

Plaintiff states that on July 6, 2007, he was wrongfully arrested for aggravated robbery. He states he remained incarcerated until April 7, 2008, when the charges were dismissed. He claims that when he was arrested, officers assaulted him while his hands were cuffed behind his back. He states that while he was incarcerated, he was infected with staph and tuberculosis, he was denied food and medication, he was assaulted by an inmate, on October 12, 2007, he was assaulted by a prison guard, and on October 25, 2007, he was denied medical care. No process has issued pending judicial screening.

## II. SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### 1. Statute of Limitations

A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

In this case, Plaintiff states police officers assaulted him on July 6, 2007. He states he was unlawfully arrested and confined under unconstitutional jail conditions until April 7, 2008. He claims that on October 12, 2007, he was assaulted by a prison guard, and that on October 25, 2007, he was denied medical care. Plaintiff did not file this complaint until May 26, 2011. He has stated no basis for equitable tolling of the limitations period. The complaint should therefore be dismissed as barred by limitations.

## RECOMMENDATION

The Court recommends that Plaintiff's filed pursuant to 42 U.S.C. § 1983 be dismissed with prejudice as barred by limitations.

Signed this ___ day of _____, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).